(96 South. 143)

**SLONE v. GRAMLING. (7 Div. 387.)**

(Supreme Court of Alabama. April 19, 1923.)

Chattel mortgages ⚖➔215½, New, vol. 15A Key-No. Series—Evidence held to show purchase and assignment, and not payment of mortgage.

Evidence *held* to show that a mortgage was purchased and transferred to purchaser thereof, and not paid.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Claim suit between J. F. Slone, plaintiff, and J. W. Gramling, claimant. Judgment for claimant, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The appellant, Slone, sued the defendant, Doegg, in detinue, to recover certain chattels, claiming them as mortgagee in a mortgage executed to him by Doegg on January 21, 1921. The appellee, Gramling, intervened as claimant, claiming under a mortgage executed to the Cedar Bluff Bank on January 19, 1920, and transferred by said bank to claimant on June 1, 1921. The plaintiff's contention was that said bank's note and mortgage was paid off and discharged by Doegg prior to their transfer to claimant. On the evidence adduced, the trial court, sitting without a jury, found for the claimant, and the plaintiff, Slone, appeals.

Hugh Reed, of Center, for appellant.

The payment of the mortgage to the Cedar Bluff Bank was absolute, and any transfer thereafter was ineffectual. Hagin v. Shoaf, 9 Ala. App. 300, 63 South. 764; Brooks v. Ruff, 37 Ala. 371; Code 1907, § 4899.

F. M. Savage, of Center, for appellee.

The burden was on plaintiff to show payment of the mortgage transferred to appellee. Code 1907, § 6040.

SOMERVILLE, J. It appears without dispute in the evidence that the mortgagor, Doegg, borrowed $200 from the claimant, Gramling, with which to take up the mortgage debt owed by Doegg to the Cedar Bluff Bank, with the express agreement that the security should be transferred to Gramling.

Doegg testified that when he took the matter up with the bank he told the president, Westbrook, that he had borrowed the money from Gramling, and would pay the note off if he would transfer the note to Gramling.

Westbrook testified that the mortgage "was paid off to Cedar Bluff Bank," and that "Mr. Doegg paid this mortgage to me in money," and, further, "I wrote the indorsement on the back of the mortgage at the direction of Mr. Doegg, after he had paid me the money."

Under this testimony we think the trial court properly found that the note and mortgage security were not satisfied and discharged, but were transferred to Gramling. It was of no consequence what Westbrook thought of the transaction, or that he described it as a paying of the mortgage. It was paid so far as the bank was concerned, but very clearly the payment and the transfer were co-ordinate parts of a single transaction, and his indorsement on the back of the instrument was wholly inconsistent with the idea of a discharge and cancellation.

It was necessary for Gramling, as claimant, to show that there was a transfer to him, and for that purpose he could properly show that he paid Doegg $200 in advance, upon the latter's agreement to have the note transferred to him.

Judgment was properly rendered for claimant, and there was no error in overruling plaintiff's objections to the evidence.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.